# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-322V
Filed: November 16, 2017
UNPUBLISHED

| | |
|---|---|
| DIANE CHANDLER,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA*, for petitioner.
*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 14, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her September 24, 2014 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 21, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On November 15, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded compensation of $82,295.30 representing lost earnings, $110,000.00 representing actual and projected pain and suffering, and $49,216.83 representing actual and projected unreimbursed

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

expenses. Proffer at 1-2. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $241,512.13 which represents compensation for lost earnings ($82,295.30), pain and suffering ($110,000.00), and unreimbursed expenses ($49,216.83), in the form of a check payable to petitioner, Diane Chandler.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| _____ ) | |
| DIANE CHANDLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 16-322V (**ECF)** |
| v. ) | Chief Special Master Dorsey |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## **PROFFER ON AWARD OF COMPENSATION[1]**

**I.   Procedural History**

On March 14, 2016, Diane Chandler ("petitioner") filed a Petition ("Petition") for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza vaccination on September 24, 2014. Petition at 1.

On July 20, 2017, respondent filed a Vaccine Rule 4(c) Report, and on July 21, 2017, the Court found petitioner entitled to compensation based on a theory of causation-in-fact.

**II.   Items of Compensation**

   A.   Lost Earnings

The parties agree that based upon the evidence of record, petitioner has suffered past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent proffers that

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to discuss after the Damages Decision is issued.

petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for petitioner's lost earnings is $82,295.30.  Petitioner agrees.

    B.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $110,000.00 in actual and projected pain and suffering.  Petitioner agrees.

    C.    <u>Unreimbursed Expenses</u>

Respondent proffers that petitioner should be awarded $49,216.83 in actual and projected unreimbursed expenses.  Petitioner agrees.

**III.**    **<u>Form of the Award</u>**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:[2]

A lump sum payment of $241,512.13, representing compensation for lost earnings ($82,295.30); pain and suffering ($110,000.00); and unreimbursed expenses ($49,216.83), in the form of a check payable to petitioner.

                        Respectfully submitted,

                        CHAD A. READLER
                        Acting Assistant Attorney General

                        C. SALVATORE D'ALESSIO
                        Acting Director
                        Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                                        CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ Robert P. Coleman III
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0274
Email: Robert.P.Coleman@usdoj.gov

DATED:  November 15, 2017